*In re* HILDEBRANT

Docket No. 174245. Submitted May 16, 1995, at Detroit. Decided April 23, 1996, at 9:05 A.M.

Andrea L. Hildebrant, a minor, was placed under the jurisdiction of the juvenile division of the Ogemaw County Probate Court, Eugene I. Turkelson, J., after a jury found that she had committed an offense that would have been the felony of third-degree criminal sexual conduct had it been committed by an adult. The offense arose out of acts of sexual intercourse between the defendant and her younger, adopted brother that had occurred while both were between the ages of twelve and sixteen years. The defendant appealed.

The Court of Appeals *held:*

1. Under the circumstances of this case, the prosecution of the defendant for the offense of third-degree criminal sexual conduct did not violate public policy. The language of the provision of the statute under which the proceedings were brought, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), does not exclude any class of offenders on the basis of age. Because the purpose of that provision is the protection of the minor victim, the age of the offender is not a relevant concern. The Legislature did not intend to withdraw the law's protection of the victim in order to protect the offender.

2. The question whether collateral estoppel should have prevented the bringing of the charge in this case was not raised in the probate court and is not preserved for appellate review.

3. The question whether an employee of the Department of Social Services should have been permitted to testify at the preliminary inquiry concerning admissions made by the defendant was not preserved for appellate review. Moreover, the testimony of the victim at trial adequately established the facts of the offense and could have been presented at the preliminary inquiry. The admission of the testimony of the DSS employee was not decisive of the outcome.

Affirmed.

CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — JUVENILE OFFENDERS.

The purpose of the provision of the third-degree criminal sexual conduct statute relating to acts of sexual penetration with a person

> between the ages of twelve and sixteen years is the protection of
> the minor victim; the age of the offender is not a relevant concern;
> there is no public policy that prohibits the bringing of a charge
> under that provision against an offender who is also in that same
> age range at the time the offense was committed (MCL
> 750.520d[1][a]; MSA 28.788[4][1][a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Frederick A. MacKinnon*, Prosecuting Attorney, and *Darris B. Richards*, Assistant Prosecuting Attorney, for the petitioner.

*Jennings and Jennings, P.C.* (by *Jon MacDonald*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MARKEY, JJ.

PER CURIAM. This case presents the issue whether our statute criminalizing sexual activity with minors within a specified age range may be applied to minor offenders who fall within that protected age group. Under the circumstances of this case, we find that the institution of delinquency proceedings against defendant on the basis of Michigan's criminal sexual conduct statute did not violate public policy. MCL 750.520a *et seq.*; MSA 28.788(1) *et seq.*

At the time of trial, defendant was sixteen years of age. At trial, defendant admitted that she had been sexually involved with her adopted brother since she was eleven years of age and he was ten years of age. The victim was fourteen years of age at the time of trial. When defendant became pregnant with the victim's child, defendant's parents called the Department of Social Services. After an investigation, the DSS contacted the prosecuting attorney, who filed the charges against defendant that form the basis for this appeal.

A jury found that defendant had engaged in conduct that would have constituted the felony of third-degree criminal sexual conduct had it been committed by an adult. MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). The trial court ordered defendant to serve six months of probation.

Defendant admits that sufficient facts existed to convict her of the offense of third-degree criminal sexual conduct. Defendant argues that her prosecution for this offense was contrary to public policy. We disagree.

The language of the third-degree criminal sexual conduct statute does not exclude any class of offenders on the basis of age. A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and that other person is at least thirteen years of age and under sixteen years of age. MCL 750.520d(1)(a); MSA 28.788(4)(1)(a).

Prosecuting defendant would not violate the policy behind the criminal sexual conduct statute. Because the purpose of the statute is the protection of the minor victim, the age of the offender is not a relevant concern. Statutory rape, a strict-liability offense, has been upheld as a matter of public policy because of the need to protect children below a specific age from sexual intercourse. The public policy has its basis in the presumption that the children's immaturity and innocence prevents them from appreciating the full magnitude and consequences of their conduct. *People v Cash*, 419 Mich 230, 242; 351 NW2d 822 (1984). Because this policy focuses on the exploitation of the victim, we find that the Legislature did not

intend to withdraw the law's protection of the victim in order to protect the offender.

Defendant maintains that laws prohibiting sexual conduct with a minor within a certain age range are intended to focus on the ability of the offender to exploit and manipulate the victim. While an older child could certainly manipulate a much younger child, defendant and the victim were less than two years apart in age. See *In re PM*, 156 Vt 303; 592 A2d 862 (1991). While we agree that consensual sexual relations involving two partners over a certain age might not involve exploitation or manipulation, it is not our role to create policy. *People v Kirby*, 440 Mich 485, 493-494; 487 NW2d 404 (1992). If our state legislature had intended that courts consider the age differential between the offender and the victim, it could have included this consideration in the criminal sexual conduct statutes.

Defendant urges this Court to adopt the reasoning applied by the Ohio Supreme Court in *In re MD*, 38 Ohio St 3d 149; 527 NE2d 286 (1988). In that case, during a game of "doctor," the respondent-minor encouraged one five-year-old to take another five-year-old's temperature by putting his penis in her mouth. The Ohio Supreme Court held that this action did not constitute sexual conduct within the meaning of the relevant criminal statute. *Id.* at 152. Furthermore, the Ohio Supreme Court stated that the prosecution violated the general policies of juvenile law in Ohio. *Id.* at 153-154.

We agree that a very young child who had no understanding of sexual conduct could not engage in a sexual act. Therefore, two very young children playing "doctor" would not be guilty of criminal sexual

conduct. However, this case involved two teen-agers who intentionally engaged in sexual intercourse for several years. Both defendant and the victim understood that their acts constituted sexual conduct.

Like *In re MD*, this case was adjudicated as a delinquency matter within the Juvenile Code. In a delinquency proceeding, the court should ensure that each minor coming within the jurisdiction of the court receives the care, guidance, and control that is conducive to the minor's welfare and the best interests of the public. *In re Alton*, 203 Mich App 405, 407; 513 NW2d 162 (1994). A former foster care worker for defendant testified that defendant had a history of manipulative behavior. Although it may have been more appropriate for the DSS to attempt to resolve this situation without the involvement of the prosecutor, we cannot find that the bringing of delinquency proceedings against any juvenile for criminal sexual conduct would be contrary to the general policies evidenced in the Juvenile Code and the court rules relating to delinquency proceedings in Michigan.

Defendant raises two other issues. First, defendant argues that the victim's guilty plea to a charge of gross indecency should have collaterally estopped the filing of charges against her. Because defendant did not raise this issue before the trial court, it is not preserved for review. *People v Rollins*, 207 Mich App 465, 470-471; 525 NW2d 484 (1994).

Finally, defendant claims that the trial court erred in admitting preliminary examination testimony regarding statements she made to her DSS worker. During the preliminary examination, defendant's DSS worker testified that defendant informed him that she had engaged in sexual intercourse with the victim on

several occasions. Defendant argues that the DSS worker never informed her that her statements could be used against her in a criminal proceeding. According to defendant, the use of her statements to a government employee in a criminal trial violated her due process rights.

Because defendant did not object to the admissibility of these statements at trial on due process grounds, this issue is not preserved for review. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). Appellate courts will consider claims of constitutional error for the first time on appeal when the alleged error would have been decisive to the outcome. *Id.* at 547. However, the victim testified at trial that he and defendant engaged in consensual sexual intercourse. Because the victim could have made this same assertion during the preliminary examination, the alleged error was not decisive to the outcome. Therefore, defendant's due process claim is not preserved for review.

We do not find that prosecuting defendant for engaging in sexual conduct with another minor violated public policy.[1] Defendant's other claims are not preserved for review.

Affirmed.

---

[1] Because defendant has not raised any constitutional challenge to the application of this statute to a juvenile offender, we will not address any constitutional arguments here.