Murphy, P.J.
 

 Petitioner appeals from an order of the circuit court dismissing a charge of first-degree criminal sexual conduct against respondent. We reverse.
 

 Respondent Thad Jason Hawley, a fifteen-year-old minor, was charged with first-degree criminal sexual conduct (sexual penetration of a person under thirteen years of age). MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). He allegedly engaged in “consensual” sexual intercourse with a twelve-year-old minor female. The minor female was not charged in connection with the act, and respondent moved to dismiss his charge, contending that these circumstances evidenced selective prosecution. Respondent argued that petitioner’s decision to prosecute only him was a gender-based violation of the Equal Protection Clause. After conducting a hearing regarding respondent’s motion, the circuit court dismissed the first-degree criminal sexual conduct charge. The court found that both respondent and the minor female were similarly situated in that neither could consent to sexual pene
 
 *511
 
 tration. Consequently, the court held that the decision not to charge the minor female with third-degree criminal sexual conduct, for the same act for which respondent was charged with first-degree criminal sexual conduct, constituted a violation of the equal protection doctrine. The court additionally held that petitioner’s decision to charge only respondent was impermissibly based on gender.
 

 Constitutional issues are questions of law that this Court reviews de novo.
 
 Mahaffey v Attorney General,
 
 222 Mich App 325, 334; 564 NW2d 104 (1997). Equal protection of the law is guaranteed by both the federal and Michigan constitutions. US Const, Am XIV; Const 1963, art 1, § 2;
 
 Frame v Nehls,
 
 452 Mich 171, 183; 550 NW2d 739 (1996). Both guarantees afford similar protection.
 
 Doe v Dep’t of Social Services,
 
 439 Mich 650, 670-671; 487 NW2d 166 (1992). The equal protection guarantee requires that persons under similar circumstances be treated alike; it does not require that persons under different circumstances be treated the same.
 
 El Souri v Dep’t of Social Services,
 
 429 Mich 203, 207; 414 NW2d 679 (1987);
 
 Yaldo v North Pointe Ins Co,
 
 217 Mich App 617, 623; 552 NW2d 657 (1996).
 

 Petitioner charged respondent with first-degree criminal sexual conduct under MCL 750.520b(l)(a); MSA 28.788(2)(l)(a), which provides:
 

 (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
 

 (a) That other person is under 13 years of age.
 

 
 *512
 
 Although petitioner could not have charged the minor female with first-degree criminal sexual conduct because the respondent was older than thirteen years of age, it could have charged her with third-degree criminal sexual conduct under MCL 750.520d(l)(a); MSA 28.788(4)(l)(a), which provides:
 

 (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:
 

 (a) That other person is at least 13 years of age and under 16 years of age.
 

 Petitioner contends that its decision to charge a fifteen-year-old and not a twelve-year-old, when both were involved in the same act of sexual intercourse, was sound and permissible because it was strictly based on the ages and vulnerability of the individuals involved.
 

 The prosecutor is a constitutional officer with discretion to decide whether to initiate charges and what charges to bring.
 
 People v Venticinque,
 
 459 Mich 90, 100; 586 NW2d 732 (1998);
 
 People v
 
 Herrick, 216 Mich App 594, 598; 550 NW2d 541 (1996). The principle of separation of powers restricts judicial interference with the prosecutor’s exercise of this executive discretion.
 
 Id.
 
 This discretion over what charges to file will not be disturbed absent a showing of clear and intentional discrimination based on an unjustifiable standard such as race, religion, or some other arbitrary classification.
 
 People v Oxendine,
 
 201 Mich App 372, 377; 506 NW2d 885 (1993). In this case, respondent alleges that petitioner’s decision to prosecute only him was unjustifiably based on gender, in
 
 *513
 
 violation of the Equal Protection Clause. Michigan has adopted a two-pronged test to determine whether a particular prosecution violates the Equal Protection Clause:
 

 First, it must be shown that the defendants were “singled” out for prosecution while others similarly situated were not prosecuted for the same conduct. Second, it must be established that this discriminatory selection in prosecution was based on an impermissible ground such as race, sex, religion or the exercise of a fundamental right.
 
 [People v Ford,
 
 417 Mich 66, 102; 331 NW2d 878 (1982).]
 

 Petitioner correctly asserts that age is not a suspect classification under the Equal Protection Clause.
 
 People v Perkins,
 
 107 Mich App 440, 443; 309 NW2d 634 (1981). Gender, however, is such a classification.
 
 North Ottawa Community Hosp v Kieft,
 
 457 Mich 394, 405-406; 578 NW2d 267 (1998).
 

 Addressing the first prong of the test, petitioner argues that respondent and the minor female are not similarly situated because of their difference in ages. Respondent, meanwhile, argues that because sexual penetration occurred, an event to which no individual under the age of sixteen may consent, respondent and the minor female should be legally recognized as similarly situated. To the extent that respondent and the minor female are similarly situated in this regard, their situations are nevertheless distinguishable. Pursuant to MCL 750.520c; MSA 28.788(3), persons under thirteen years of age may not consent even to mere sexual contact. Thus, the Legislature has clearly and intentionally afforded greater protection to younger individuals. We find that this intended additional protection is a factor that petitioner may legitimately evaluate when determining whether to bring charges
 
 *514
 
 against disparately aged minors engaged in the same sexual act. Consequently, respondent and the minor female were not similarly situated and respondent was not “singled” out for prosecution.
 

 With regard to the second prong of the test, petitioner again argues that its decision to charge only respondent was permissibly based on the difference in ages of the parties involved. On the basis of his assertion that age is not a valid factor for differentiation under the first prong, respondent contends that the only remaining difference between the individuals is gender. Thus, respondent argues, this discriminatory selection in prosecution was impermissibly based. At the motion hearing, respondent’s only support for this argument was the suggestion that “the situations if they were reversed and [the female] was 15 and [respondent] was 12, I don’t think we’d be sitting here today.” No evidence was presented to support this bald assertion, and we conclude that respondent failed to “establish” that gender formed the basis of petitioner’s decision. Given our conclusion that age is a legitimate distinguishing factor under the statutory scheme, we accept petitioner’s argument that age formed the basis of its decision to prosecute only respondent.
 

 Reversed.