# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HOLT, Minors.

UNPUBLISHED
September 17, 2015

No. 326338
Clare Circuit Court
Family Division
LC No. 13-000088-NA

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court order terminating his parental rights to his four minor children pursuant to MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm to the child if returned to the parent). We affirm.

Respondent raises only one argument on appeal. He claims that because petitioner "created the conditions that led to his regression and termination of his parental rights," he was not afforded his due process rights. Respondent did not raise this argument below, leaving it unpreserved for appellate review. *In re Hildebrant*, 216 Mich App 384, 389; 548 NW2d 715 (1996). "We review unpreserved claims of constitutional error under a plain-error analysis[,]" which requires the existence of a plain error, i.e., one that was clear or obvious, that affected respondent's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

The record does not support respondent's contention that petitioner created the grounds that resulted in the termination of his parental rights. The children were removed from respondent's care in 2013. The initial adjudication order, dated January 3, 2014, continued the children's placement in foster care on the basis of respondent's failure to provide the children with appropriate care and because of the risk of harm that he presented to them. From that date until the date of the termination hearing, February 13, 2015, respondent made minimal progress with provided services. His initial case service plan required that he undergo mental health services, find and maintain suitable housing, address his lack of resources to provide for the children, and improve his parenting skills. The testimony presented at each review hearing and at the termination hearing demonstrated that respondent failed to both participate in and benefit from a variety of services that petitioner provided to address these issues.

While he eventually completed a psychological evaluation, after either failing to attend or refusing to participate in previously scheduled ones, he was discharged from treatment shortly thereafter "due to [his] inappropriate behavior" and failed to obtain any further treatment.

-1-

Additionally, respondent never found, much less maintained, suitable housing during the pendency of this case. Indeed, after moving from residence to residence, the only home respondent could offer for the children at the time of the termination hearing was that of his parents, a placement petitioner had already deemed inappropriate due in part to respondent's parents' criminal convictions.

There is also nothing in the record to suggest that during the course of the proceedings respondent addressed his lack of resources to provide for the children or his extremely inadequate parenting skills. Testimony indicated that respondent, if present, was frequently uninvolved during his parenting-time visits. There was testimony that he would often be on his phone, arrive late or leave early, and, on more than one occasion, fall asleep. There was also testimony that respondent frequently became aggressive during parenting-time visits. On one occasion, he yelled and used profanity in front of employees and his children, and left the facility after law enforcement arrived.

An additional concern at the time of the original adjudication in this matter was respondent's drug use. Throughout this case, respondent repeatedly refused to take required drug tests or tested positive for substances that he was not prescribed. In fact, at the time of the termination hearing, respondent had been incarcerated for approximately one month of a 12-month sentence for forging a prescription and resisting arrest. Respondent also has serious mental health issues that militated against the children's return to his care.

The record clearly demonstrates that it was respondent's, not petitioner's, actions that both created the grounds that led to the termination of his parental rights and caused those conditions to continue throughout the entirety of this case. Respondent makes a variety of accusations in an effort to argue that petitioner "pushed" respondent's "triggers" in order to see him fail, but the record simply does not support respondent's accusations and argument. Indeed, the record is replete with examples of reasonable efforts made by petitioner to assist respondent in reaching the goal of reunification. See *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (petitioner must generally make reasonable efforts to reunify a child with his or her parent). There was no due process violation.

To the extent that respondent's appellate brief was intended to encompass arguments concerning the statutory grounds for termination or the best-interest determinations, we hold that, in light of the evidence alluded to above, the trial court did not clearly err in finding clear and convincing evidence in support of the grounds for termination, nor did the court clearly err in finding, by a preponderance of the evidence, that termination was in the best interests of the minor children. MCL 712A.19b(3) and (5); MCR 3.977; *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Reversal is unwarranted.

Affirmed.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey