# STATE OF MICHIGAN

# COURT OF APPEALS

KARENN KELLEY,

       Plaintiff-Appellee/Cross-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,

       Defendant-Appellant/Cross-
       Appellee.

UNPUBLISHED
June 28, 2018

No. 334778
Ingham Circuit Court
LC No. 13-001350-NI

Before: O'BRIEN, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Defendant Home-Owners Insurance Company hereinafter referred to as "HOIC" appeals as of right from a first final judgment and order entered August 25, 2016 awarding plaintiff-appellee/cross-appellant Karenn Kelley auto no-fault PIP benefits in the amount of $29,980.20, no-fault penalty interest pursuant to MCL 500.3142 of the No-Fault Act in the amount of $3,451.07, plaintiff attorney fees in the amount of $3,690, and taxable costs in the amount of $7,178.63. Because defendant was denied the right to present its legally supported defense of fraud to a jury, we reverse and remand for a new trial.

## I. BACKGROUND

This case arises out of plaintiff Kelly's August 22, 2013 motor vehicle accident. Following the accident, plaintiff called 911 and was taken by ambulance to Sparrow Hospital emergency department where she complained of chest, back, and neck pain along with headache symptoms and pressure in her head. She was discharged after being examined and administered several tests which yielded no positive findings. Three days later, on August 26, 2013 plaintiff followed up with her primary care physician and was examined by the nurse practitioner, Shirley Courey, who declined to put plaintiff on disability, order household services, order attendant care, or refer plaintiff to a specialist. On August 27, 2013 plaintiff filled out an application for benefits with HOIC, stating that she was disabled as of the date of her accident although she had not been placed on disability by any health care professional at that time. After she filed the initial claim, plaintiff went to see Dr. Marci Schlinger, D.O., a physical medicine and rehabilitation specialist on September 5, 2013 with several complaints of pain, discomfort and disabilities. Dr. Schlinger placed her on disability, referred her to a physical therapist, and recommended that she undergo speech and occupational therapy evaluations.

-1-

On September 6, 2013, plaintiff submitted paperwork to HOIC seeking to recover auto no-fault PIP benefits for medical expenses, wage loss benefits, medical mileage, and replacement services. The services claimed included 140 hours of dog walking and 13 instances of grocery shopping from August 23, 2013 to October 31, 2013. HOIC's claims adjuster Leslie Donahue with the assistance of special investigation unit investigator Michael Gilmore, ordered surveillance on plaintiff. Portions of the three day surveillance video showed plaintiff and her significant other, John Kent, walking large dogs and plaintiff grocery shopping on her own. Taking the position that plaintiff had made fraudulent misrepresentations in connection with her replacement services claim, HOIC denied plaintiff's entire claim in a letter dated November 21, 2013. The letter made reference to the HOIC fraud provision which stated in relevant part that:

> We will not cover any person seeking coverage under this policy who has made fraudulent statements or engaged in fraudulent conduct with respect to procurement of this policy or any occurrence for which coverage is sought.

On December 10, 2013, plaintiff filed a lawsuit against HOIC claiming she was wrongly denied benefits. HOIC filed their answer to the complaint on January 13, 2014 raising fraud, pre-existing conditions, failure to comply with the terms of insurance contract, misrepresentation, and the wrongful conduct rule as affirmative defenses. Both parties filed motions for summary disposition that were subsequently denied by the trial court on June 1, 2015. However, in its ruling the trial court ordered that HOIC was precluded from asserting a defense of fraud at trial in an effort to void the policy.

The case proceeded to trial on December 14, 2015. On the first day of trial, outside of the presence of the jury, plaintiff withdrew her replacement services claim. The jury subsequently returned a verdict in favor of the plaintiff finding that she had suffered accidental bodily injuries and that she was entitled to no-fault PIP benefits for medical treatment, wage loss, and no-fault penalty interest. Following trial, the trial court also ruled that plaintiff was entitled to recover penalty attorney fees in accordance with §3148(1) of the No-Fault Act and taxable costs. On appeal, defendant argues that it was entitled to summary disposition and that the trial court erred when it denied it the right to raise or argue at trial whether or not fraud was committed thereby voiding plaintiff's coverage in its entirety. Additionally on cross-appeal, plaintiff argues that she was entitled to partial summary disposition as well as additional penalty attorney fees and taxable costs. While we disagree that either party was entitled to summary disposition we agree that defendant should have been able to raise its defense of fraud at trial. Because we are remanding for a new trial we will not address the penalty interest issue.

## II. SUMMARY DISPOSITION

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014). A motion brought pursuant to MCR 2.116(C)(10) is properly granted only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law," *Id.* To determine whether there is a genuine issue of material fact, a court reviews the record in the light most favorable to the nonmoving party, including "affidavits, pleadings, depositions admissions, and other documentary evidence submitted by the parties." *Id.* If, after such review, there remains a relevant factual issue on which reasonable people could disagree, the motion must be denied.

The trial court did not err when it denied both HOIC's and plaintiff's motions for summary disposition. The court properly determined that the three days of video surveillance conducted of plaintiff did not conclusively establish that the plaintiff made misrepresentations of a material fact when submitting her claim for no-fault benefits.

It is well settled that the burden of proving that an insured has engaged in fraud is on the insurer. *Stein v Home-Owners Ins Co*, 303 Mich App 382, 387-389; 843 NW2d 780 (2013). This Court has explained the requirements for establishing fraud with regard to an insurance policy's fraud exclusion:

> To void a policy because the insured has willfully misrepresented a material fact, an insurer must show that 1) the misrepresentation was material, 2) that it was false, 3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and 4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Bahri*, 308 Mich App at 424-425 (citation omitted).]

At the summary disposition stage, it is not enough that a defendant, as movant, demonstrates that it has grounds to assert that plaintiff engaged in fraud; rather, it must show that there was no question of fact but that fraud occurred. For summary disposition to be granted, defendant must show that no rational trier of fact could reach a conclusion other than that plaintiff engaged in fraud. *West v GMC*, 469 Mich 177, 183; 665 NW2d 468 (2003).

HOIC argues that plaintiff made fraudulent misrepresentations in claiming replacement services for dog-walking assistance, and in claiming replacement services for grocery shopping assistance. In support of its argument, defendant offers surveillance video of plaintiff taken over the course of three days in October 2013 where plaintiff is observed at times briefly walking her dogs and doing light grocery shopping. Plaintiff disputes the claim that the video conclusively establishes that her claim for benefits was false and, also argues that even if the claim for certain benefits was false it does not constitute fraud as defined in the policy which would bar all recovery and void the policy.

HOIC's motion for summary disposition was premised on this Court's decision in *Bahri*. In *Bahri*, the plaintiff claimed replacement services as PIP benefits from her insurer yet surveillance video taken during the time period in which plaintiff claimed replacement services showed plaintiff performing many actions that were "inconsistent with her claimed limitations," including driving. This Court held that the surveillance video evidence belied "plaintiff's assertion that she required replacement services" and "directly and specifically" contradicted representations made by plaintiff in seeking replacement services. *Id* at 426. Thus, reasonable minds could not differ regarding whether plaintiff had made fraudulent representations of material fact for the purpose of recovering PIP benefits. However, *Bahri* is distinguishable from the instant case in that there was a genuine issue of material fact regarding whether plaintiff's conduct constituted fraud. While the three days of video surveillance does show plaintiff briefly holding the leash and walking her dogs a few steps and doing light grocery shopping at times it was not enough to unequivocally prove that plaintiff's representations made in connection with her claim for replacement services for dog walking and grocery shopping assistance were

fraudulent because her specific claims were not continuous. Instead she made claims for services only on specific days. Also, while the video showed her briefly holding her dog's leash and carrying small amounts of groceries, she was assisted in dog walking and was never shown carrying heavy bags of groceries or other items.

Plaintiff makes an unavailing argument that the definition of fraud under HOIC's policy is wholly inapplicable to the circumstances in this case. She argues under the policy, coverage to an insured is barred in one of two ways: 1) in situations where the insured has made fraudulent statements or engaged in fraudulent conduct with respect to the "procurement" of the policy or 2) where the insured makes fraudulent statements or engaged in fraudulent conduct with respect to any "occurrence" covered under the policy. HOIC has made no claim regarding fraud in the procurement of the subject policy. Plaintiff argues that HOIC is precluded from voiding plaintiff's entire claim on the basis of fraud because "occurrence" as used in HOIC's policy refers to the subject auto accident itself.[1] HOIC has not alleged that plaintiff made any fraudulent statements with respect to the existence or circumstances of the accident itself. However, HOIC asserts that the claims of injury arising out of the accident are fraudulent. While plaintiff is correct that "occurrence" as used in HOIC's policy refers to the accident, the policy also goes on to state that "occurrence means an accident that results in bodily injury." Thus since occurrence means an accident where bodily injury occurs, if no bodily injury has occurred as a result of the accident but the policy holder submits claims asserting that injury has occurred, this would constitute fraud under the provision and void the policy holder's entire no-fault claim. Accordingly, contrary to plaintiff's argument the affirmative defense of fraud was applicable to the circumstances of this case.

As noted above the defendant did present competent, albeit inconclusive, evidence that the plaintiff made false or exaggerated claims of injury. Because plaintiff, also, presented competent evidence that the injury claims were valid through both her own testimony and her physician, the issue of the nature and extent of her injury was one to be determined by the trier of fact. Neither party was entitled to summary disposition. However the court erred in removing the question of fraud from jury consideration as discussed in the next section of this opinion.

## III. EXCLUSION OF EVIDENCE

The trial court prohibited the defendant from arguing that due to fraud the entire claim should have been dismissed. It also declined to give a jury instruction in that regard, also. The defendant argues that this was error and we agree.

This Court reviews the trial court's decision to admit or exclude evidence for an abuse of discretion. *Barnett v Hidalgo*, 478 Mich 151,158-159; 732 NW2d 472 (2007). However, this Court reviews de novo the constitutional question whether defendant was denied his right to

---

[1] "Occurrence means an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions". [Home-Owners Insurance Company's No-Fault Policy, Exb 11, Plaintiff/Cross-Appellant Joint Brief on Appeal, p. 1]

present a defense. *In re Hawley*, 238 Mich App 509, 511; 606 NW2d 50 (1999); *People v Hayes,* 421 Mich 271, 278; 364 NW2d 635 (1984). A defendant has a constitutional right to present a defense. *People v Yost,* 278 Mich App 341, 379; 749 NW2d 753 (2008).

The trial court seriously impaired HOIC's ability to effectively present a defense when it denied it the right to rely on a provision in the parties agreed upon contract to defend against plaintiff's claims. While HOIC was permitted on paper to "contest" plaintiff's claims, they were denied the right to present evidence and argument as to whether fraud was committed at trial because the trial court decided it would deal with the fraud issue after trial under MCL 500.3148(2) which reads:

> An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation. To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against the claimant for any amount of a fee awarded against him and not offset in this way or otherwise paid.

However, the issue of fraud was a question of fact for a jury to decide in this case because it went to whether there was any coverage afforded to this plaintiff under policy of insurance. *Kuebler v Equitable Life Assur Soc*, 219 Mich App 1, 9; 555 NW2d 496 (1996) (stating that "plaintiffs are entitled to an opportunity to prove facts that would support a claim of fraud and reformation. Whether those facts are sufficient is up to the trier of fact.").

Furthermore, a defendant is entitled to have a jury instructed on defenses that are supported by the evidence. *People v Mills,* 450 Mich 61, 81; 537 NW2d 909 (1995). A review of the record establishes that defense counsel's theory was supported by the evidence. Plaintiff's medical records, as well as her statements contained in those records, the video surveillance, and the deposition testimony from plaintiff and her significant other John Kent all could reasonably support a theory that plaintiff may have committed fraud in connection with her no-fault claim. The omission of the jury instruction on fraud was significant because had the jury been instructed as to fraud and found fraud, all of plaintiff's coverage would have been excluded under the fraud provision.

Accordingly, because HOIC was entitled to present its fraud defense to a jury and have a jury consider the issue of whether or not plaintiff committed fraud, the trial court did err when it ruled that HOIC could not present facts nor argue at trial that plaintiff committed fraud.

We reverse and remand for a new trial with instructions that the trial court allow defendant to raise its fraud defense and the jury be instructed as to the issue of fraud. We do not

retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens