GRIMSHAW v. ASKE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STRICKEN COUNTS.
   Original claims under 5 counts of declaration against 2 of 3
   defendants need not be considered where such counts were
   dismissed as to such defendants before the case was sub-
   mitted to the jury and no question raised on appeal as to
   any error in striking such counts as to such defendants.

2. SAME—BRIEFS—STATEMENT OF QUESTIONS INVOLVED—SUBHEAD-
   INGS.
   The requirements of the court rule that questions as stated in
   the "statement of questions involved" should be used as topi-
   cal subheadings and in the order by which they appear there,
   should be observed to avoid difficulty in considering a brief
   on appeal (Court Rule No 67 [1945]).

3. FRAUD—CONSPIRACY—EVIDENCE.
   Defendant inventor and his corporate manufacturer held, not
   shown by clear and convincing evidence to have been guilty
   of fraud upon plaintiff or of conspiring with third defendant
   to defraud plaintiff, either to establish that they unlawfully
   induced a breach of any agreement between plaintiff and
   such third defendant or defrauded plaintiff out of any idea
   or development relating to white side-wall tire rings.

4. SAME—PRESUMPTIONS—EVIDENCE.
   Fraud is not presumed, but must be affirmatively established by
   clear and convincing evidence.

5. NEW TRIAL—DISCRETION OF COURT.
   The granting of a new trial rests in the sound discretion of
   the trial court.

REFERENCES FOR POINTS IN HEADNOTES
[4] 24 Am Jur, Fraud and Deceit § 256.
[5] 39 Am Jur, New Trial §§ 131, 201.

6. SAME—JUDGMENT NON OBSTANTE VEREDICTO AS TO OTHER DE-
FENDANTS.

    Trial court's order granting a new trial to 1 of 3 defendants
    after entry of judgment *non obstante veredicto* as to other 2
    defendants *held,* not error, where verdict had been returned
    against defendants jointly.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CROSS APPEAL.

    Questions raised on conditional cross appeal are not considered,
    where case is affirmed on main appeal.

8. SAME—STATEMENT OF QUESTIONS INVOLVED—BRIEFS.

    Questions raised by appellant in his statement of questions in-
    volved but not followed nor discussed as such in his brief
    and none of which is controlling of result are not considered
    on appeal.

Appeal from Wayne; Maher (Thomas F.), J.
Submitted October 3, 1951. (Docket No. 8, Calendar
No. 44,851.) Decided January 7, 1952. Rehearing
denied March 6, 1952.

Action by Robert S. Grimshaw against Charles B.
Aske, Jr., Lyon, Inc., and George A. Lyon for sums
due upon contract and damages for tort. Verdict
for plaintiff against all defendants. Judgment for
defendants Lyon, Inc., and Georg A. Lyon *non ob-
stante veredicto.* Plaintiff appeals. New trial grant-
ed defendant Aske. Plaintiff appeals in nature of
mandamus. Defendants Lyon, Inc., and Georg A.
Lyon take conditional appeal if judgment *non ob-
stante veredicto* is set aside. Affirmed.

*Maurice P. Rhodes* and *Walter M. Nelson,* for
plaintiff.

*McCauley & Wilson* (*Everett G. Wright,* of coun-
sel), for defendant Aske.

*Wilbur M. Brucker, Guerin Todd, Jr.,* and *Clark,
Klein, Brucker & Waples,* for defendants Lyon, Inc.,
and Georg A. Lyon.

BOYLES, J. In September, 1946, plaintiff Grim-
shaw brought suit in the circuit court for Wayne

county against defendants Aske, Lyon, Inc., and George A. Lyon, individually, claiming that they were liable to him in damages for fraud and on the basis of a written agreement alleged to have been signed by Aske in 1939, but later destroyed, in which plaintiff claims that Aske agreed as follows:

"I am hereby giving you 2 cents per ring commission on my White Side Wall Tire Ring development in consideration for services rendered."

During the ensuing 2 years after said suit was filed and until October, 1948, issues were joined, depositions taken, many motions were heard and disposed of by the trial court, and divers pleadings were filed including a first amended declaration and answers thereto. On October 27, 1948, the plaintiff filed a second amended declaration and bill of particulars to which separate answers were filed by Aske, and by Lyon, Inc., and George A. Lyon acting together. The case finally reached trial by jury in May, 1949, on the issues joined under plaintiff's second amended declaration; and after a jury trial lasting 2 months the jury rendered a verdict for the plaintiff against the defendants jointly for $328,400.

At the close of plaintiff's proofs during the trial, and again at the end of all the proofs, the defendants moved for a directed verdict, decision on which was deferred by the court under the Empson act.* After verdict the defendants renewed said motions and also moved for judgment *non obstante veredicto.* The trial court granted the motion of Lyon, Inc., and George A. Lyon for judgment *non obstante veredicto,* but denied Aske's motion for such judgment, and on September 14, 1949, entered judgment for defendants Lyon, Inc., and George A. Lyon *non obstante veredicto,* and judgment for plaintiff against defend-

---

* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.1461 *et seq.*).—Reporter.

ant Aske for the full amount of the verdict, with costs. Thereupon the plaintiff filed claim of appeal from the judgment entered *non obstante veredicto* in favor of Lyon, Inc., and George A. Lyon, and defendant Aske filed a motion for a new trial as to himself on the ground that the judgment for the full amount against him alone would be grossly excessive and unfair and not in accordance with the proofs. On that ground the trial court, on November 28, 1949, entered an order granting Aske a new trial. From said order plaintiff, on leave granted by this Court, has filed a claim of appeal in the nature of mandamus to compel the trial court to set aside said order, and the defendants Lyon, Inc., and George A. Lyon have been granted leave to take a delayed cross appeal with plaintiff's appeal from the judgment *non obstante veredicto,* in which they ask for a new trial in the event that this Court sets aside said judgment.

The complicated claims of plaintiff-appellant can best be indicated by reference to his second amended declaration on which issue was finally joined and jury trial had. Said declaration contains 6 counts, namely, 2 in assumpsit; 2 in fraud, conversion, conspiracy and misrepresentation; 1 for wrongfully procuring the breach of a contract; and the common counts. It shows that these parties have business situs in Detroit, where Lyon, Inc., has a plant for the manufacture of automotive parts and specialties, and where Aske is engaged in business as a manufacturer's agent for the sale of such articles. It has 9 paragraphs applicable to each count which appellant's brief summarizes as follows:

"That in the fall of 1935, plaintiff, who had been employed as a designer in the automotive field for many years, became interested in designing and developing a mechanical device for giving pneumatic automotive tires the appearance of white sidewall tires and of giving tires an appearance of added

depth and thickness. That by January 1, 1936, plaintiff, without the aid of anyone, had invented and fully developed such a device, and that the same remains in application and use by defendants substantially as invented, with only slight modification.

"That later, plaintiff and defendant Aske, who had been engaged in the sale of automobile parts and specialties for many years, started working together in the development of the sale of plaintiff's idea and mechanical device. That these 2 parties had certain oral understandings and agreement and that in the year 1939 defendant Aske gave plaintiff a written agreement, in words and figures, except for date, the same as the written instrument hereinafter set forth. That said written agreement was later replaced, at request of defendant Aske, by a written agreement which reads as follows:

'November 20, 1941

'Mr. Robert S. Grimshaw
'20145 Lichfield Road.
'Detroit, Michigan
*'Dear Mr. Grimshaw:*

'I am hereby giving you 2 cents per ring commission on my White Side Wall Tire Ring development in consideration for services rendered.

'Very truly yours,
/s/ 'Charles B. Aske, Jr.'

and the original agreement torn up and destroyed.

"That long before August 1, 1948 (1944), defendant Lyon and Lyon, Inc., had full knowledge and notice of the said agreement and of the contents thereof between plaintiff and defendant Aske, and that defendant Aske paid and continued to pay plaintiff under the same from the year 1939. That the said defendants, wrongfully contriving and designing to cheat and defraud plaintiff, did, by means of statements and representations known by defendants to be false and fraudulent and procured to be made by defendant Aske to plaintiff, and without any consideration whatever, wrongfully induce and persuade plaintiff to sign an apparent cancellation

and termination of the agreement above described in words as follows:

'*Mr. C. B. Aske:*

'This agreement is cancelled and terminated by mutual consent.

/s/ 'ROBERT S. GRIMSHAW

'Aug. 1, 1944

/s/ 'CHAS. B. ASKE, JR.

'Aug. 1, 1944'

which plaintiff signed in reliance upon the said false and fraudulent representations so made to him and when he was wholly ignorant of the true facts and relationship between the defendants."

In substance, plaintiff claimed a written agreement between himself and Aske dating back to 1939 (subsequently destroyed), and that Aske, after November 20, 1941, made payments under the alleged 1939 agreement as though the original writing had continued in existence. Plaintiff claims that an original agreement in 1939 actually continued in effect, and the importance of this claim will appear later. The declaration alleges that long before August, [*sic*] 1948 (1944), the corporate defendant and George A. Lyon

"had full knowledge and notice of the said agreement between plaintiff and said Charles B. Aske, Jr., defendant herein, and of the contents of said paper writings and of the fact that said Charles B. Aske, Jr., paid and continued to pay plaintiff amounts on account thereof covering the whole period from the date of said original paper writing in the year 1939, and thereafter said defendants wrongfully contriving and designing to cheat and defraud said plaintiff did by means of statements and representations known by said defendants to be false and fraudulent made by said Charles B. Aske, Jr., and procured to be made by said Charles B. Aske, Jr., to plaintiff by said George A. Lyon and said corporations, defendants herein, without any

consideration whatever wrongfully induced and persuaded said plaintiff to sign a paper writing and an addition to the said agreement an apparent cancellation and termination thereof in words and figures as follows:

'*Mr. C. B. Aske:*

'This agreement is cancelled and terminated by mutual consent.

/s/ 'ROBERT S. GRIMSHAW
'Aug. 1, 1944
/s/ 'CHAS. B. ASKE, JR.
'Aug. 1, 1944' "

The first 2 counts of the declaration were founded on assumpsit. The third and fourth counts charge that the defendants conspired to defraud and deprive the plaintiff of his rights under the aforesaid Aske agreement, and that said defendants caused the plaintiff to give Aske the appearance of being the sole owner of the said white side-wall tire ring, thereby defrauding the plaintiff. Count 5 alleges that the defendants had combined together about August 1, 1944, and thereby brought about a breach of the said alleged agreement between plaintiff and Aske and a termination thereof by false and fraudulent representations, and count 6 declares upon the common counts. The bill of particulars accompanying the declaration claims damages in an estimated amount of $1,000,000 for 2 cents commission on each white side-wall tire ring manufactured and sold by the defendants, and also $2,000,000 based on fraud, misrepresentation and alleged wrongful procurement of the breach of the agreement with Aske.

In substance and effect, the separate answers filed by Aske and by defendants Lyon, Inc., and George A. Lyon together, deny the allegations in the several counts of the declaration and set up as affirmative defenses, among others, that Aske had

made application for a patent and developed the same upon plaintiff's representation that it did not infringe upon plaintiff's claims and that Aske was free to proceed to do so, as against any claims the plaintiff might have in white side-wall tire rings; and also that the so-called agreement dated November 20, 1941 (hereinbefore quoted), which plaintiff construes as a promise to pay plaintiff 2 cents commission on each tire ring was in fact a cancellation of any previous oral promise and that there was a complete accord and satisfaction, under which Aske had paid the plaintiff upwards of $5,000 in full satisfaction of any amounts due him.

At the close of defendants' proofs and before the case went to the jury, the court on motion struck from the declaration as respects defendant Lyon counts 1, 2 and 6 in contract and assumpsit, and also plaintiff's theory of conversion of an idea, contained in count 4. Count 3 had already been stricken by the court. Appellant does not raise any question on this appeal by claiming that the trial court erred in striking said counts from the declaration insofar as they would apply to Lyon. Consequently, we need not consider plaintiff's original claims under said counts as they might apply to Lyon. Doubtless because there was an absence of any proof of any contractual relationship as between plaintiff and Lyon, the case was submitted to the jury with said counts stricken, without objection by the appellant.

Hence, this Court now has for consideration, on a consolidated record and briefs, 2 primary and controlling questions, whether the trial court erred in entering judgment *non obstante veredicto* in favor of defendants Lyon, Inc., and George A. Lyon, and whether the trial court erred in granting defendant Aske a new trial after the entry of the aforesaid judgment. The 2 questions are intimately connected and each requires consideration and a decision in

order that the entire controversy between these parties may have a full determination by this Court. Henceforth, Lyon, Inc., and George A. Lyon, individually, will usually be referred to in this opinion as "Lyon," their interests being the same.

1. Did the trial court err in entering judgment *non obstante veredicto* in favor of defendants Lyon?

Difficulty has been encountered in considering appellant's 334-page brief. It states there are 24 questions involved, naming them, but the brief itself does not use the stated questions as topical subheadings, nor does it follow said statement of questions involved, both of which are required by Court Rule No 67 (1945). However, we have carefully considered appellant's brief, appellant's later reply brief, appellant's final "Memorandum on oral argument and answer to reply brief for the Lyons," and the briefs of appellees, and, also, a record of 2,740 pages including over 500 pages of exhibits. In all, 7 briefs have been filed by counsel for the parties.

Plaintiff, beginning in 1935, began to experiment with and design a white side-wall trim for automobile tires, but he has never made any attempt to obtain a patent for any wheel-trim idea or invention. He here relies on claiming that his ideas and services contributed to the final outcome, and that he had an agreement with Aske to pay him 2 cents for each white side-wall tire ring "developed" by Aske. He claims that the defendants, including Lyon, are liable to him in damages for the use of his services, ideas and development. Defendant George A. Lyon became engaged in experimenting on automobile wheel-trim devices in 1930. In 1938, he obtained patents for an oversized hub cap for automobile wheels so as to cover the major portion of the side surface of the wheel inside the tire rim, and in 1942 a patent for an ornamental ring for disc wheels, covering the outside surface of the tire, both for decorative and

utility purposes. Defendant Aske obtained patents for ornamental wheel-trim rings or a design for a wheel trim or a similar article and means of securing the same. Between 1930 and 1935 defendant Lyon produced in his plant at Detroit a variety of experimental models for use in the decoration of automobile wheels, the outgrowth of his earlier work with automobile tire covers. In 1930, he formed a corporation, Lyon, Inc., to manufacture his automobile wheel-trim inventions. Admittedly, he owns most of the basic patents in that field. In 1941, George A. Lyon applied for a patent upon an automobile ring to be fastened on to a tire so as to give visual impression of being a white side-wall tire, and about the same time defendant Aske applied to the patent office for a patent on a similar article. A contest developed in the United States patent office, between Aske and Lyon, because of the similarity of their applications, to determine whether Mr. Lyon or Mr. Aske was the prior inventor of the device. Before the matter was settled in the United States patent office, Mr. Aske had incorporated a company to manufacture or distribute an automobile tire ring, which company, however, was not financially successful and was near insolvency. During hearings on the patent interference proceeding in the United States patent office, plaintiff, subpoenaed as a witness, testified in substance that he was not the inventor of the idea of a white disc or ring simulating a white tire side wall and that he had no part in the invention of the Aske wheel ring, in effect then disclaiming any interest in the subject matter. His explanation is that he wanted to help Aske in the settlement of the interference controversy. His subsequent suit attempts to repudiate such admissions, including his written cancellation (in 1944) of his claimed earlier agreement (in 1939 or 1941) for Aske to pay him 2 cents per ring for white side-wall tire rings "de-

veloped" by Aske, on the ground of a conspiracy between Aske and Lyon, and fraud perpetrated by Lyon. It is a fair inference from the record that plaintiff's disclaimer of interest, before the patent office, and subsequent attempt at repudiation of his disclaimer, might be considered a fraud upon Lyon, rather than a fraud by Lyon as now claimed by the plaintiff.

After negotiations in the patent office matter, a settlement was reached whereby Aske conceded priority to the Lyon patent claims, was paid a cash sum for his plant and equipment and was to be employed by Lyon, Inc., as a salesman. However, as a condition precedent to the final settlement, because Lyon had information that others, including the plaintiff, might have possible claims against Aske, it was agreed that Mr. Aske should clean up all his outstanding business obligations before the agreement was consummated. Counsel accordingly prepared and obtained a release from General Tire & Rubber Company, and, also, required a release from the plaintiff. Thereupon, on August 1, 1944, plaintiff and Aske executed the written release of the contract between them (hereinbefore quoted in this opinion). On that date plaintiff in his own handwriting wrote at the bottom of said so-called agreement which was dated November 20, 1941, as follows:

*"Mr. C. B. Aske:*

"This agreement is cancelled and terminated by mutual consent.

/s/ "ROBERT S. GRIMSHAW
        "Aug. 1, 1944
/s/ "CHAS. B. ASKE, JR.
        "Aug. 1, 1944."

When said release was presented to Lyon, the patent settlement between Lyon, Inc., and Aske was consummated. Plaintiff now seeks to claim that he

had the same (prior) written agreement, in 1939, but that it was subsequently destroyed.

We find nothing in the foregoing circumstances, nor elsewhere in the entire record in this case, to establish that George A. Lyon or Lyon, Inc., was guilty of any fraud on the plaintiff or that they conspired with Aske to defraud the plaintiff, either to establish that said defendants unlawfully induced a breach of any contract between the plaintiff and Aske, or defrauded the plaintiff out of any idea or "development" relating to white side-wall tire rings. Fraud is not presumed, but must be affirmatively established by clear and convincing evidence. Plaintiff completely failed to establish, with the requisite certainty and clarity of proof, that Lyon was guilty of fraud. Grimshaw released Aske from any of the claims he is now making in this case as against Lyon. Nor is there any showing that either George A. Lyon or Lyon, Inc., had at that time any previous knowledge of the existence of any written contract on which the plaintiff now bases his claim against Aske, as well as indirectly against Lyon, on the ground of conspiracy and fraud. Nowhere does the record show that Aske's request to the plaintiff for a cancellation was brought about by any unlawful or wrongful act on the part of Lyon. The conclusion is inescapable that the plaintiff completely failed to establish any liability of Lyon on the grounds alleged. Assuming, but not deciding, that plaintiff has been the victim of any fraud in connection with the sale of white side-wall tire rings, and without considering whether Aske has been guilty of any such fraud, plaintiff has not established with any degree of clarity that Lyon perpetrated any fraud.

The motion of George A. Lyon and Lyon, Inc., at the close of all the proofs, asking for a directed verdict in their favor might well have been granted

without submitting the question of their liability to the jury, and we are in accord with the order of the trial court entering the judgment *non obstante veredicto* in favor of said defendants.

2. Did the trial court err in granting defendant Aske a new trial after the entry of the judgment *non obstante veredicto* in favor of defendants George A. Lyon and Lyon, Inc.?

Fundamentally, the granting of a new trial rests in the sound discretion of the trial court. Without here passing upon the question whether plaintiff's proofs were substantial as they were directed against defendant Aske, it is true that plaintiff's negotiations, contracts and dealings were with the defendant Aske, and not with the defendants George A. Lyon and Lyon, Inc. There is not shown any extent to which Lyon manufactured or sold white side-wall tire rings for which plaintiff now claims damages of 2 cents for each white side-wall tire ring manufactured and sold. Whether or not plaintiff may recover damages against defendant Aske, or the extent of the amount of damages which he might recover, if any, is now beside the question. We are in accord with the conclusion reached by the trial court that, for sufficient reasons, including the question of damages, Aske should be (and was) granted a new trial. We decline to grant appellant's request for a writ of mandamus to compel the trial court to set aside the order granting Aske a new trial.

In view of the foregoing conclusions, we need not consider the conditional cross appeal taken by Lyon to ask that they be granted a new trial in the event that the judgment *non obstante veredicto* should be reversed. Nor do we need to consider various other questions raised by appellant's statement of questions involved which were neither followed nor dis-

cussed as such in his brief, none of which is controlling of the result.

The judgment and the order entered are affirmed, with costs of both courts to appellees in accordance with the separate briefs which they have filed herein.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred. BUTZEL, J., did not sit.