STEIN v HOME-OWNERS INSURANCE COMPANY

Docket No. 310257. Submitted July 10, 2013, at Detroit. Decided October 17, 2013. Approved for publication December 10, 2013, at 9:05 a.m.

Ginger Stein brought an action in the Wayne Circuit Court against Home-Owners Insurance Company, alleging breach of contract after defendant, the insurer of plaintiff's home, denied plaintiff's claim related to the destruction of the home by fire. The claim had been denied after defendant determined that the fire occurred as a result of arson with plaintiff's knowledge or consent and that plaintiff had made material misrepresentations during defendant's investigation of the claim. Defendant filed affirmative defenses, alleging that plaintiff had committed acts of fraud and material misrepresentation, the loss was the result of arson committed by or at the direction of plaintiff, and plaintiff misrepresented material facts and concealed information. The court, Michael F. Sapala, J., granted defendant's motion for summary disposition on the basis that plaintiff had made false statements related to the loss. The Court of Appeals reversed the trial court's order and remanded the matter to the trial court for further proceedings, concluding that whether plaintiff had made any misrepresentations was a question of fact for the jury. *Stein v Home-Owners Ins Co*, unpublished opinion per curiam, issued April 12, 2011 (Docket No. 295876). On remand, the trial court instructed the jury, over defendant's objections, that defendant had the burden of proving its affirmative defenses by clear and convincing evidence. In addition, the trial court stated that, in order to establish fraud, defendant had to prove by clear and convincing evidence that plaintiff made a representation of material fact that was false when made, that plaintiff knew the representation was false when she made it, and that she made the representation with the intent that defendant rely on it. The trial court also instructed the jury that defendant had the burden of proving the application of the intentional-act exclusion in the policy by clear and convincing evidence. The jury returned a verdict in favor of plaintiff. Defendant appealed.

The Court of Appeals *held*:

1. The insurance contract's exclusion relating to fraud by an insured does not implicate whether the policy was obtained under fraudulent circumstances. The fact that a contractual provision contains aspects of fraud is no reason, in and of itself, to place a higher burden of proof on the defense than on any other affirmative defense.

2. Defendant had to establish its affirmative defenses by a preponderance of the evidence, not by clear and convincing evidence as stated by the trial court.

3. Even though an assertion relates to the alleged commission of a criminal act by a plaintiff, such as defendant's assertion that plaintiff was responsible for the intentional fire, an insurer defendant is only required to prove by a preponderance of the evidence that the plaintiff insured committed the act. The judgment of the trial court is reversed and the matter is remanded to the trial court for a new trial.

Reversed and remanded.

INSURANCE — AFFIRMATIVE DEFENSES — BURDEN OF PROOF.

An insurer that asserts affirmative defenses in response to its insured's action alleging breach of the parties' insurance contract has the burden of proving its affirmative defenses by a preponderance of the evidence; when an assertion relates to the alleged commission of a criminal act by the insured, such as the insured's alleged intentional burning of the insured property, and the applicability of the policy's exclusions relating to fraud and intentional acts, the insurer is only required to prove by a preponderance of the evidence that the insured committed the act.

*Bonita S. Hoffman* for plaintiff.

*Gregory and Meyer, PC* (by *Glen Howard Pickover*), and *James G. Gross, PLC* (by *James G. Gross*), for defendant.

Before: STEPHENS, P.J., and WILDER and OWENS, JJ.

WILDER, J. Defendant appeals as of right a judgment awarding plaintiff $199,399.79 for her claim for insurance proceeds related to the loss of her home because of a fire. We reverse and remand for a new trial.

I. BASIC FACTS

Plaintiff owned a modular home located in Sumpter Township, Michigan. Plaintiff's property was covered for fire loss under an insurance policy issued by defendant. The policy, however, contained a provision that excluded any losses that were caused by "[a]n action by or at the direction of any insured committed with the intent to cause a loss." The policy further provided:

> This entire policy is void if, whether before, during or after a loss, any insured has:
>
> a. intentionally concealed or misrepresented any material fact or circumstance;
>
> b. engaged in fraudulent conduct; or
>
> c. made false statements;
>
> relating to this insurance.

On December 23, 2007, while plaintiff was not home, a neighbor saw a car pull into plaintiff's driveway and leave after approximately 10 minutes. Shortly thereafter, the neighbor saw that the home was on fire and called the fire department. A fire investigator testified that it was his opinion that the fire was intentionally set by an amateur. Defendant formally denied the claim in a letter on August 26, 2008. Defendant explained in the letter that it had determined that the fire occurred as a result of arson with plaintiff's knowledge or consent and that plaintiff made material misrepresentations during defendant's investigation of her claim.

Plaintiff thereafter filed a complaint against defendant, alleging breach of contract. Defendant filed affirmative defenses, which included the following: plaintiff had committed acts of fraud and material misrepresentation, the loss was the result of arson committed by or at the direction of plaintiff, and plaintiff misrepresented material facts and concealed information.

In October 2009, defendant filed a motion for summary disposition, which was granted.[1] However, this Court reversed the trial court's order and remanded the matter to the trial court for further proceedings, concluding that whether plaintiff had made any misrepresentations was a question of fact for the trier of fact. *Stein v Home-Owners Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued April 12, 2011 (Docket No. 295876), p 2.

At trial, the trial court, despite defendant's objections, repeatedly instructed the jury that defendant had the burden of proving its affirmative defenses by clear and convincing evidence. During the preliminary instructions, the trial court stated:

> On the following propositions defendant has the burden of proof:
>
> One, that the fire was intentionally set.
>
> Two, that the plaintiff made misrepresentations with the intent to defraud.
>
> And [three], that plaintiff failed to mitigate her damages.
>
> On these listed propositions, the defendant must prove them by clear and convincing evidence.
>
> This means that the defendant must do more than merely persuade you that the proposition is properly [sic] true. To be clear and convincing[,] the evidence must be strong enough to cause you to have a clear and firm belief that the proposition is true.

This instruction was also repeated to the jury after the proofs were concluded and before the jury began its

---

[1] Defendant argued that plaintiff had made material misrepresentations in the course of her claim and that she was judicially estopped from claiming more than $1,800 in personal property loss because that is the amount she claimed in her bankruptcy filing. The trial court granted the motion on the ground that plaintiff had made false statements related to the loss.

deliberations. Additionally, the trial court stated the following:

> The defendant Home-Owners claims that the plaintiff attempted to defraud it. To establish fraud the defendant has the burden of proving each of the following elements by clear and convincing evidence.
>
> A, plaintiff made a representation of material facts.
>
> B, the representation of material facts that plaintiff made was false when made.
>
> C, plaintiff knew that the representations were false when she made them.
>
> D, plaintiff made the representations with the intent that the defendant rely upon the representations.
>
> Your verdict will be for the defendant on the defense of fraud if you decide that defendant has proved each of these elements by clear and convincing evidence.

The trial court provided a similar instruction for the intentional-act exclusion: "Defendant Home-Owners has the burden of proving the application of [the intentional-act] exclusion by clear and convincing evidence."

After deliberating, the jury returned a verdict in favor of plaintiff, and defendant's appeal followed.

## II. ANALYSIS

Defendant argues that the trial court instructed the jury on an incorrect burden of proof with regard to defendant's position that the contract precluded plaintiff from recovering any benefits. We agree.

Defendant preserved this issue by objecting to the jury instruction in the trial court. *Jimkoski v Shupe*, 282 Mich App 1, 9; 763 NW2d 1 (2008). Whether the trial court's instruction on the applicable burden of proof was proper is a question law that this Court

reviews de novo. *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 694-695; 630 NW2d 356 (2001).

At issue is the provision in the insurance contract that would exempt plaintiff's loss from coverage and the provision that would void the contract in its entirety. The provisions are as follows:

> We do not cover loss to covered property caused directly or indirectly by any of the following, whether or not any other cause or event contributes concurrently or in any sequence to the loss:

> \* \* \*

> (9) An action by or at the direction of any insured committed with the intent to cause a loss.

> \* \* \*

> This entire policy is void if, whether before, during or after a loss, any insured has:

> a. intentionally concealed or misrepresented any material fact or circumstance;

> b. engaged in fraudulent conduct; or

> c. made false statements;

> relating to this insurance.

When it instructed the jury, the trial court required that, in order for defendant to prevail on the basis of any of these contractual provisions, defendant had to establish the presence of such a defense through clear and convincing evidence. This was erroneous.

This case involves the application of express provisions of a contract. The fact that one of the contract's provisions contains aspects of fraud is no reason, in and of itself, to place a higher burden of proof on the defense

than on any other affirmative defense. While "fraud" is one of the traditional defenses to a contract, *Majestic Golf, LLC v Lake Walden Country Club, Inc*, 297 Mich App 305, 326; 823 NW2d 610 (2012), this avoidance defense is typically used when "a contract is *obtained* as a result of fraud or misrepresentation," *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012) (emphasis added). The fraud at issue in this case does not implicate whether the contract was obtained under fraudulent circumstances; as such, the traditional defense of fraud simply is not applicable. To be clear, fraud is only relevant in this case because the contract *itself* contains an exclusion related to fraud.

This Court in *Mina v Gen Star Indemnity Co*, 218 Mich App 678; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997), was confronted with this same issue. In *Mina*, the plaintiff's business, which was covered under an insurance policy issued by the defendant, was destroyed by fire. *Mina*, 218 Mich App at 680. But, while relying on the fact that the resulting investigation concluded that the fire was intentionally set, the defendant denied the claim for benefits on the bases of fraud, false swearing, and arson. *Id*. The plaintiff filed suit against the defendant, and the defendant raised the affirmative defenses of arson, fraud, and false swearing. *Id*. At trial, the court instructed the jury that the defendant had the burden of proving its affirmative defenses by a preponderance of the evidence. *Id*. at 681. After discussing the history surrounding the somewhat confusing caselaw, the *Mina* Court concluded that the trial court correctly instructed the jury. *Id*. at 681-685. The *Mina* Court, *id*. at 685, noted that the trial court properly relied on *Campbell v Great Lakes Ins Co*, 228 Mich 636, 640-641; 200 NW 457 (1924), which "addressed th[is] identical issue" and

held that a preponderance of the evidence standard was appropriate.

Plaintiff claims that *Mina* has no precedential value and, thus, should not be followed. However, this is incorrect. The Court of Appeals' judgment in *Mina* was reversed *in part* on other grounds by our Supreme Court, *Mina*, 455 Mich 866, leaving this Court's discussion related to the present issue intact. See *People v Carson*, 220 Mich App 662, 672; 560 NW2d 657 (1996) ("[A]n overruled proposition in a case is no reason to ignore all other holdings in the case."). Therefore, *Mina* is binding precedent on this issue. Plaintiff relies on *Horace v City of Pontiac*, 456 Mich 744, 754-755; 575 NW2d 762 (1998), and *Dunn v DAIIE*, 254 Mich App 256; 657 NW2d 153 (2002), for the proposition that *Mina* has no precedential value. However, both *Horace* and *Dunn* involved the citation of Court of Appeals cases that were reversed in their entirety—not *partially* reversed. *Horace*, 456 Mich at 747 n 2; *Dunn*, 254 Mich App at 259. Thus, *Horace* and *Dunn* are not pertinent.

Plaintiff also claims that our Supreme Court's decision in *Campbell* is not binding because more recent Supreme Court opinions have stated conflicting views. Specifically, plaintiff relies on *Grimshaw v Aske*, 332 Mich 146; 50 NW2d 866 (1952), *Modern Displays, Inc v Hennecke*, 350 Mich 67; 85 NW2d 80 (1957), and *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330; 247 NW2d 813 (1976). However, no case has ever overruled *Campbell*. Plus, these relied-on cases involved actions for fraud—not the application of a forfeiture or exclusion clause contained in a contract that the parties assented to. See *Hi-Way Motor*, 398 Mich at 335 (the plaintiffs instituted the action for "fraud and misrepresentation"); *Modern Displays*, 350 Mich at 69 (the plaintiff alleged in its bill of complaint that the defendants "had

been guilty of fraud"); *Grimshaw*, 332 Mich at 148 (the plaintiff sought "damages for fraud").

Moreover, our review of the caselaw demonstrates that the only contract cases involving the burden of proving some element by clear and convincing evidence have dealt with oral contracts, avoiding contracts, modifying existing contracts, waiving an existing contractual term, and reforming contracts. See, e.g., *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 364-365; 666 NW2d 251 (2003) (clear and convincing evidence of a waiver or modification of an existing contract is needed); *Barclae v Zarb*, 300 Mich App 455, 475; 834 NW2d 100 (2013) (oral contract must be established by clear and convincing evidence when one party has, in reliance on the contract, acted on the contract and the statute of frauds would normally act to bar the contract); *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 398; 729 NW2d 277 (2006) (clear and convincing evidence needed to establish a basis for reforming the contract); *Zander v Ogihara Corp*, 213 Mich App 438, 444; 540 NW2d 702 (1995) (clear and convincing evidence needed to establish proof of lost contract's contents). None of the circumstances considered in these cases applies to a circumstance such as the one involved in this case, where a party endeavors to prove only that some express condition contained in a written contract actually occurred.

In addition, while the trial court articulated reasons, albeit erroneous ones, for requiring defendant to prove fraud by clear and convincing evidence, the trial court provided no rationale for requiring this elevated evidentiary burden on *all* of defendant's affirmative defenses. As discussed already, the insurance policy also precluded coverage for any loss if the arson was at the direction of plaintiff. In this case, defendant asserted

that plaintiff was responsible for the intentional fire. Our Supreme Court has held that, even though an assertion relates to the alleged commission of a criminal act by a plaintiff, an insurer defendant is only required to prove by a preponderance of the evidence that the plaintiff committed the act. *Sacred Heart Aid Society v Aetna Cas & Surety Co*, 355 Mich 480, 485-486; 94 NW2d 850 (1959); *Monaghan v Agricultural Fire Ins Co*, 53 Mich 238, 254-255; 18 NW 797 (1884).

For all of the foregoing reasons, we hold that the trial court erred by requiring defendant to prove its affirmative defenses by clear and convincing evidence.[2]

Reversed and remanded for a new trial. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

STEPHENS, P.J., and OWENS, JJ., concurred with WILDER, J.

---

[2] We further note that plaintiff and the trial court placed too much reliance on SJI2d 128.01, which states, in part, "To establish fraud, plaintiff has the burden of proving each of the following elements by clear and convincing evidence[.]" As noted already, this evidentiary requirement is for actions for fraud. The usage note for this instruction reinforces this premise by stating: "This instruction is intended to be used in a tort action for damages for fraud. *It is not designed for use in other types of cases*." (Emphasis added.)