*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BENJAMIN MOORE,

        Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
September 28, 2023

No. 359689[1]
Macomb Circuit Court
LC No. 2020-001299-NF

Before: GADOLA, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Plaintiff, Benjamin Moore (Moore), appeals by right the trial court order granting summary disposition under MCR 2.116(C)(10) in favor of defendants, Progressive Michigan Insurance Company and Progressive Marathon Insurance Company (collectively, Progressive), on the basis of rescission in this no-fault action to recover uninsured and underinsured motorist (UM/UIM) benefits. For the reasons stated below, we vacate and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of a claim for UM/UIM benefits stemming from injuries Moore suffered in an April 2019 automobile accident. Moore lived with his wife in Detroit. He drove a Chrysler Sebring that was insured through Progressive. Moore's wife usually drove another vehicle that she insured through another insurance company. But, sometimes, she would drive Moore's Sebring. On Moore's insurance application with Progressive, he did not list his wife as either a resident of their home or a driver of the vehicle. On April 18, 2019, Moore amended his insurance policy to include a Chrysler PT Cruiser. Like his earlier insurance application, however, the application to amend the policy to add the PT Cruiser did not list his wife as a resident of their

---

[1] This case is being submitted with the appeal in Docket No. 359681.

-1-

home or a driver. On April 23, 2019, Moore was injured in an accident while driving his PT Cruiser, when an unknown driver rear-ended him in a hit-and-run.

In August 2019, Moore assigned his right to collect personal-protection-insurance (PIP) benefits to a medical services provider, C-Spine Orthopedics, PLLC (C-Spine). In September 2019, C-Spine sued Progressive to recover on the PIP claims in Macomb Circuit Court before a different trial judge. Those claims are the subject of the appeal in Docket No. 359689.

In April 2020, Moore sued Progressive, alleging that Progressive breached its contract and violated the Michigan no-fault statute, MCL 500.3101 *et seq.*, when it denied no-fault benefits under his policy. He also alleged that Progressive refused to pay UM/UIM benefits that were due under his policy because the other vehicle in the accident was uninsured.

In June 2020, Progressive filed its affirmative defenses. Based on the record before us, some of the 78 affirmative defenses do not have a logical connection to this case. For example, Progressive asserted that Moore's injuries did not arise out of ownership, operation, maintenance or use of a motor vehicle, under MCL 500.3105; that Moore was driving while intoxicated; that Progressive was not the real party in interest; and that collateral estoppel and res judicata bar Moore's claims.

There are three references in the affirmative defenses related to fraudulent misrepresentation and rescission. First, Progressive asserted, "Plaintiff made material misrepresentations on her (sic) policy application regarding the primary garaging zip code for the policy vehicle(s) listed on the policy application." This, the first and most specific of the fraud defenses, does not appear to relate to the facts of this case. Second, Progressive asserted that Moore "misrepresented material facts in connection with the procurement of the policy of the Claimant's claim under the policy thereby voiding the policy *ab initio* and any applicable coverage under it." Third, defendants asserted, "The policy of insurance is void as a result of material misrepresentations in the presentation of the claim for benefits." Progressive also referenced the policy's fraud language. None of the affirmative defenses state that Moore misrepresented the relatives in his residence at the time of the policy application. And Progressive never moved to amend its affirmative defenses.

In September 2021, Progressive moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to rescind the policy based on material misrepresentations. Specifically, Progressive argued that Moore made a material misrepresentation in his policy application by not disclosing that his wife resided with him. Progressive argued that it relied on Moore's misrepresentation when issuing the policy. According to an affidavit from Progressive's underwriting specialist, the misrepresentation resulted in a premium that would have been 27.8% higher without the misrepresentation. The policy also contained a clause stating that the policy may be voided if the application contained a material misrepresentation.[2] Progressive asserted that

---

[2] The insurance policy states, specifically, as follows:

there was no genuine issue of material fact that Moore's policy was rescinded by operation of both an antifraud clause, and Michigan law. Moore responded arguing that Progressive's supporting affidavit lacked proper factual foundation and that his wife and her vehicle were insured through another insurer, so there was no added risk by not naming her as a resident.

The trial court granted Progressive's motion for summary disposition and dismissed the complaint. It determined that Moore made a material misrepresentation on his insurance application that he was the only resident, and driver in his household. The trial court concluded that Progressive relied on these misrepresentations, which were intended to allow for a lower premium, and was entitled to rescind Moore's policy. It rejected Moore's argument that Progressive waived its fraud claim by not pleading it with specificity. In doing so, the trial court noted that Progressive pleaded fraud, citing the affirmative defenses that generally referenced rescission and unclean hands, and the specific fraud allegation that Moore misrepresented his garaging zip code. Moore filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). This Court reviews de novo the interpretation of an insurance contract, and also whether the trial court properly applied equitable principles. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443; 889 NW2d 759 (2016).

The equitable remedy of rescission is "granted only in the sound discretion of the court." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020) (*Wright*) (quotation marks and citations omitted). "An abuse of discretion occurs when the decision falls

---

This policy was issued in reliance upon the information provided on **your** insurance application. We may void this policy at any time, including after the occurrence of an accident or loss, if you:

1. Made incorrect statements or representations to us with regard to any material fact or circumstance;

2. concealed or misrepresented any material fact or circumstance; or

3. engaged in fraudulent conduct; at the time of application. This means that we will not be liable for any claims or dam ages that would otherwise be covered.

outside the range of reasonable and principled outcomes." *Id*. (citation omitted). "An abuse of discretion necessarily occurs when the trial court makes an error of law." *Id*. (citation omitted).

## III. PARTICULARITY

Moore's first argument is that Progressive did not plead its claim of fraudulent misrepresentation with particularity as required by MCR 2.112(B). We agree that Progressive failed to assert with particularity its affirmative defense of fraudulent misrepresentation. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 230-231; 964 NW2d 809 (2020). But it is entitled to amend its defenses. *Id*. at 230. See also *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 373-374; 976 NW2d 109 (2021). We, therefore, vacate and remand for the court to allow Progressive to amend its affirmative defenses.

"[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). Affirmative defenses are not "pleadings" under the court rules. See MCR 2.110(A); *McCracken v Detroit*, 291 Mich App 522, 526; 806 NW2d 337 (2011). But, because they must provide notice to the opposing party of the nature of the defenses, affirmative defenses "are highly analogous to pleadings." See *Glasker-Davis*, 333 Mich App at 229-230. This Court, therefore, has applied the pleading requirements of MCR 2.112 to affirmative defenses. See *id*. at 229-230. MCR 2.112(B)(1) provides, "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."

A party generally must raise an affirmative defense in its first responsive pleading or it is waived. *Meridian Mut Ins Co v Mason-Dixon Lines, Inc (On Remand)*, 242 Mich App 645, 647; 620 NW2d 310 (2000). See also MCR 2.111(F)(3) (requiring a party to timely raise an affirmative defense, as originally filed or as amended). Michigan's procedural rules, however, account for the fact that it may not be possible to plead fraud with particularity at the start of a case. *Glasker-Davis*, 333 Mich App at 230. A party, therefore, may move to amend its affirmative defenses at any time, and the trial court should freely grant leave to amend unless doing so would prejudice the other party. *Id*. (citations omitted); see also *VHS of Michigan*, 337 Mich App at 374. The Court Rules appear to contemplate such amendments. See *Glasker-Davis*, 333 Mich App at 230-231 ("MCR 2.111(F)(3) is stated in the alternative: 'Affirmative defenses must be stated in a party's responsive pleading, either as originally filed *or as amended* in accordance with MCR 2.118.") (emphasis in the original). "Prejudice," in this context, "does not mean the opposing party might lose on the merits or might incur some additional costs; rather, it means the opposing party would suffer an inability to respond that the party would not otherwise have suffered if the affirmative defense had been validly raised earlier." *Glasker-Davis*, 333 Mich App at 231 (citations omitted). A party may amend affirmative defenses under the same process as pleadings. See MCR 2.111(F)(3), citing MCR 2.118.

Fraud is a traditional defense to a contract and "this avoidance defense is typically used when a contract is obtained as a result of fraud or misrepresentation." *Stein v Home-Owners Ins Co*, 303 Mich App 382, 388; 843 NW2d 780 (2013) (quotation marks and emphasis omitted). A party may also use fraud as an affirmative defense to a claim for insurance in cases where an insurance policy contract contains provisions that void the policy if the insured engaged in

-4-

fraudulent conduct. *Id*. at 387-388; see also *Glasker-Davis*, 333 Mich at 225. "Fraudulent misrepresentation" is one type of fraud. *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012). When there is a "material misrepresentation" in the application for no-fault insurance, "it is well settled that an insurer is entitled to rescind a policy . . . ." *21st Century Premier Ins Co*, 315 Mich App at 445.

In *Glasker-Davis*, this Court reversed a grant of summary disposition, where the defendant insurer failed to plead with sufficient particularity an affirmative defense based on an alleged violation of an antifraud provision. See *Glasker-Davis*, 333 Mich App at 230-232. There, the plaintiff made a claim to her no-fault insurer for first-party benefits for attendant care services. *Id*. at 224. The insurer refused to pay for the services. *Id*. at 224-225. The plaintiff sued, and the insurer moved for summary disposition, arguing the plaintiff's insurance policy was void because she made material misrepresentations related to her claim. *Id*. at 225-226. This Court analyzed the same pleading requirements at issue here, and in relation to the affirmative defense of fraud, this Court explained:

> A defense premised on an alleged violation of an antifraud provision in an insurance policy constitutes an affirmative fraud defense. "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity." MCR 2.112(B)(1). Thus, it is insufficient simply to state that a plaintiff's conduct was fraudulent. [*Id*. at 232 (citations omitted).]

Here, different benefits are at issue, and the alleged misrepresentation relates to the policy application instead of a claim. But, the principles in *Glasker-Davis*, when applied here, lead us to conclude that Progressive failed to plead the circumstances constituting fraudulent misrepresentation with sufficient particularity.

Progressive argues on appeal that its affirmative defenses reference fraudulent misrepresentation, and that it alleged material misrepresentation three times in its affirmative defenses. As stated, the first and most specific of Progressive's affirmative defense related to fraudulent misrepresentation stated that Moore misrepresented the garaging zip code of his vehicle. Misrepresentations related to zip code have nothing to do with this case. That defense also described Moore as female. This failed to put Moore on notice of Progressive's defense for at least three reasons. First, instead of describing the actual circumstances of the fraudulent misrepresentation (i.e., omitting Moore's spouse from the policy application), it states that the misrepresentation related to Moore's zip code, which has nothing to do with this case. Second, a commonsense reading of this allegation leads to one of two conclusions: it either misdirects Moore from the actual basis for the defense; or it leads Moore to conclude that it is boilerplate that is unrelated to his case. Third, the allegation is buried among 78 other defenses, many of which also do not logically relate to this case. The other two references are general allegations that do not describe the circumstances of the fraudulent misrepresentation except to state that one misrepresentation is in the policy application and one is in the claim. Again, this did little if anything to put Moore on notice. Applying *Glasker-Davis*, we conclude that the affirmative defenses were insufficient to plead fraudulent misrepresentation because Progressive did not plead with particularity as required. See MCR 2.112(B)(1); *Glasker-Davis*, 333 Mich App at 232-233. Accordingly, we vacate the trial court's ruling and grant of summary disposition to Progressive.

Although we agree with Moore that Progressive failed to plead with particularity, that failure does not mean that Progressive waived the defense. See *Glasker-Davis*, 333 Mich App at 230. See also *VHS of Mich, Inc*, 337 Mich App at 373-374. On remand, Progressive will have an opportunity to amend its affirmative defenses to state them with particularity because affirmative defenses may be amended under MCR 2.118(C)(1) to conform to the evidence even after entry of judgement. *Glasker-Davis*, 333 Mich App at 230-231; *VHS of Mich, Inc*, 337 Mich App at 374. Nothing in the record indicates that Moore would be prejudiced by permitting Progressive to amend its affirmative defenses to state them with the requisite particularity.

Because we vacate and remand on the issue of particularity, we need not address the remaining issues of whether the trial court appropriately granted rescission or the merits of the fraudulent misrepresentation defense.

IV. CONCLUSION

For the reasons stated above, we vacate and remand the case to the trial court so that Progressive may amend its affirmative defenses to state its fraudulent misrepresentation defense with particularity and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Noah P. Hood