*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELVIN J. BABI,

Plaintiff-Appellant,

v

ESTATE OF GREGG E. HERMAN, CATHY A. HERMAN, Personal Representative of the ESTATE OF GREGG E. HERMAN, and GREGG E. HERMAN, P.C.,

Defendants-Appellees.

UNPUBLISHED
November 21, 2023
APPROVED FOR
PUBLICATION
January 11, 2024
9:00 a.m.

No. 364375
Oakland Circuit Court
LC No. 2022-193925-CK

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

K. F. KELLY, J.

In this dispute over attorney referral fees, plaintiff appeals by right the trial court's opinion and order granting summary disposition in favor of defendants[1] under MCR 2.116(C)(10). Because the grant of summary disposition was premature as discovery had not begun in earnest, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

According to plaintiff's complaint, plaintiff and attorney Gregg E. Herman had a professional relationship wherein plaintiff would send Herman client referrals in exchange for a referral fee. In 2018, plaintiff had a meeting with a woman named Terri Poplichak whose husband had died and was seeking to

---

[1] While this case was pending on appeal, attorney Gregg E. Herman, who was a defendant in this case, passed away. The Court has, accordingly, granted the parties' request to substitute his estate and personal representative. For purposes of this opinion, however, we will refer to attorney Herman and his law firm as "defendants."

begin a medical malpractice claim. On or about the same day as the meeting, plaintiff referred Poplichak to defendants.

Poplichak eventually settled her lawsuit, and at the settlement hearing, the following discussion took place between Poplichak and Herman after the attorney for one of the defendants raised the issue of an attorney's lien asserted by plaintiff against the settlement proceeds:

> *Q.* Ms. Popilchak, this lien has been asserted by an attorney by the name of Melvin Babi. Do you know who Melvin Babi is?
>
> *A.* No.
>
> *Q.* Okay, have you ever entered into an attorney/client relationship with him?
>
> *A.* No.
>
> *Q.* Have you ever authorized him to refer you to my office?
>
> *A.* No.
>
> *Q.* Okay, was he the one who referred you to my office?
>
> *A.* No.
>
> *Q.* Was there any attorney who referred you to my office?
>
> *A.* No.
>
> *Q.* All right. Would you object to any attorney fee being paid to Melvin Babi or any other attorney?
>
> *A.* Yes.

When it became clear that defendants were not going to pay plaintiff the referral fee he believed he was entitled to, plaintiff filed suit asserting that breached the agreement they had. In lieu of answering, defendants filed a motion for summary disposition under MCR 2.116(C)(8), in which they argued that on the basis of Poplichak's testimony during the settlement hearing in which she objected to the sharing of the fee, any agreement between plaintiff and defendants was unenforceable under MRPC 1.5(e). Plaintiff responded by arguing that defendants were relying on evidence outside the pleadings, and a decision under MCR 2.116(C)(10) would be premature because discovery had not begun in earnest. Plaintiffs also argued that Poplichak's objection was untimely. The trial court disagreed, and concluded that absent a written retainer agreement in which Poplichak agreed to the fee, there was no genuine issue of material fact that Poplichak objected to the fee and that "no further discovery can reveal a different result in the Court's mind."

After the parties had briefed the issue but before the trial court issued its opinion, defendants produced a signed and written copy of Poplichak's retainer agreement with defendants, in which she agreed that "in the event I have been referred by another attorney or law firm . . . they may pay such

attorney from their fee that portion they feel appropriate . . . ." Plaintiff did not notify the court that it received the document before the court issued its opinion.[2] Once the opinion was issued, plaintiff moved for relief from judgment or reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 160; 975 NW2d 52 (2021). Under MCR 2.116(C)(10), summary disposition is proper when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

> A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Anderson v Transdev Servs, Inc*, 341 Mich App 501, 507; 991 NW2d 230 (2022) (quotation marks and citations omitted).]

## III. ANALYSIS

On appeal, plaintiff argues that the trial court erred when it granted summary disposition in favor of defendants because discovery had not begun in earnest and it would be premature to grant summary disposition when discovery had a reasonable chance of uncovering relevant information to plaintiff's claim. Plaintiff also argued that the trial court erred to the extent it considered Poplichak's untimely objection made four years after the referral. We agree.

"A trial court is not necessarily constrained by the subrule under which a party moves for summary disposition." *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 312; 696 NW2d 49 (2005). In circumstances where a party brings a motion under the wrong subrule, the trial court may proceed under the proper rule provided the parties were not misled or otherwise prejudiced by the decision. *Id*.

Plaintiff was not misled by defendants' motion. In his response brief, plaintiff clearly acknowledged that defendants were relying on documents outside of the pleadings when arguing that Poplichak's testimony demonstrated that she objected to the referral fee. In response to defendants' arguments, plaintiff asserted that defendants' motion was one brought under MCR 2.116(C)(10), and that the court should deny it because discovery had not yet begun in earnest. Accordingly, we agree with the trial court's conclusion that plaintiff was not misled by the motion.

However, the inquiry does not end there, as the Court must also consider whether plaintiff was prejudiced by the trial court's decision. See *Computer Network, Inc*, 265 Mich App at 312. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is

---

[2] Because the parties sought immediate consideration of defendants' motion for summary disposition, the trial court dispensed with oral argument.

complete." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (quotation marks and citation omitted). "However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Id*. (quotation marks and citation omitted).

In the trial court's opinion granting defendants' motion for summary disposition, the court acknowledged the potential existence of evidence that would be relevant to rebut defendants' claim that Poplichak did not agree to the referral fee—the existence of a written agreement in which she agreed to the fee. Because plaintiff was not able to produce that agreement in response to defendants' motion, filed in lieu of answer and before discovery was complete, the court concluded there was no dispute of fact, but perplexingly also concluded that no evidence could dispute Poplichak's testimony. These conclusions by the trial court are at odds with one another: on the one hand, the court stated that Poplichak's testimony could be rebutted by some other evidence, such as a written agreement. On the other hand, however, the court stated that no further discovery would be necessary because "no further discovery can reveal a different result in the Court's mind."

The trial court erred when it granted summary disposition under MCR 2.116(C)(10) because a decision under that subrule was premature and prejudiced plaintiff. Defendants based their motion on testimony that contradicted allegations in plaintiff's complaint that plaintiff did not have an opportunity to challenge.[3] As the trial court recognized, there was a potential that further discovery could reveal evidence that would rebut Poplichak's testimony, such as written evidence of her agreeing to plaintiff's fee. Indeed, such a document was in defendants' possession but was not produced to plaintiff, despite being the subject of a document request, before plaintiff filed his response brief. Once the trial court recognized this fact, it should have denied defendants' motion under MCR 2.116(C)(10).[4]

The trial court also erred to the extent that it concluded Poplichak's 2022 objection to the referral fee was timely made. MRPC 1.5(e) states:

> (e) A division of a fee between lawyers who are not in the same firm may be made only if:
>
> (1) the client is advised of *and does not object* to the participation of all the lawyers involved; and

---

[3] While it is true that plaintiff's brief in response to defendants' motion for summary disposition did include documentary evidence outside of the pleadings, plaintiff did not rely on that evidence when making his legal arguments. Moreover, the evidence that plaintiff did attach to his brief merely substantiated the direct quotes that plaintiff included in his complaint.

[4] Had the motion been considered under MCR 2.116(C)(8), it is apparent that the motion would have been denied. Plaintiff alleged the existence of a contractual agreement with defendants that was made on the basis of referrals from plaintiff to defendants. Plaintiff also alleged that he met with Poplichak, created an attorney-client relationship with her, and explained his referral fee to her and received no objection. On the basis of these allegations, plaintiff stated a claim for breach of contract concerning an attorney referral fee, and summary disposition under MCR 2.116(C)(8) would not have been proper.

(2) the total fee is reasonable. [Emphasis added.]

Although the trial court did not directly address *Law Offices of Jeffrey Sherbow, PC v Fieger & Fieger, PC*, 326 Mich App 684; 930 NW2d 416 (2019), aff'd in part and rev'd in part, 507 Mich 272; 968 NW2d 367 (2021), the court did conclude that Poplichak's testimony was dispositive, inferring that the trial court rejected *Sherbow*'s holding. Contrary to defendants' argument, the Michigan Supreme Court's decision in that case did not render the relevant portion of this Court's analysis as dicta, and this Court is bound to follow *Sherbow*.

In *Sherbow*, the plaintiff, a sole practitioner, was contacted by the son of two of multiple people injured in an automobile accident. *Sherbow*, 326 Mich App at 690. The plaintiff referred the matter to another attorney who worked at the defendant law firm. The attorneys agreed that the plaintiff would be paid one-third of the defendant's eventual recovery. *Id*. A meeting was eventually held between the attorneys and some, but not all, of the passengers of the vehicle in the accident, at which time retainer agreements were signed. *Id*. at 690-691. The plaintiff claimed that at the meeting, he disclosed his fee arrangement with the clients, and that no one objected. *Id*. at 691. Two of the attendees, however, stated they did not recall the conversation. *Id*. It was undisputed that one of the accident victims was in a medically-induced coma and was not present at the meeting. *Id*. The defendant eventually refused to pay the plaintiff the agreed referral fee, and the plaintiff brought suit for breach of contract. *Id*. at 692. The defendant sought summary disposition on the basis that the fee agreement was unenforceable under MRPC 1.5(e) because the accident victims were not aware of the referral fee agreement. *Id*. The court denied the motion, and the case proceeded to trial, where the plaintiff prevailed with respect to one of the clients but not the other three. *Id*. at 693.

As relevant to this appeal, the plaintiff argued in this Court that the trial court abused its discretion during the trial when it permitted the accident victims to testify after the fact as to whether they objected to the referral fee. *Id*. at 702-703. Although the Court disagreed with the plaintiff that an untimely objection to a referral fee is completely irrelevant and therefore inadmissible, the Court did state that "the defendant was required to prove that the clients objected to the referral-fee agreement at the time they were informed . . . ." *Id*. at 704. The Court reasoned that "[t]o allow subsequent events, such as a mere change of heart, to upset the referral arrangement is inconsistent with basic contract law," and would be "unwise as a matter of policy . . . ." *Id*. (quotation marks and citations omitted). Thus, the Court concluded that "the clients must have objected at the time they were informed of the agreement in order for there to be a violation of MRPC 1.5(e)." *Id*. at 704-705.

The Michigan Supreme Court affirmed in part and reversed in part this Court's decision in *Sherbow*. The Supreme Court reversed this Court's determination that MRPC 1.5(e) does not require an attorney-client relationship between the referring attorney and the client, concluding that "attorneys cannot obtain referral fees under MRPC 1.5(e) without entering into an attorney-client relationship with the individual being referred." *Sherbow*, 507 Mich at 302. The Supreme Court otherwise affirmed this Court's opinion, but did not directly address the statement by this Court concerning the timing of the objection.

Defendants contend that as a result of the Michigan Supreme Court's decision in *Sherbow*, this Court's holding concerning when an objection must be made is dicta. We disagree. Defendants are correct that if the Michigan Supreme Court reverses a case in its entirety, statements from this Court that are not explicitly rejected are considered dicta. See *Horace v Pontiac*, 456 Mich 744, 754-755; 575 NW2d 762

(1998). However, as the Court has explained, "an overruled proposition in a case is no reason to ignore all other holdings in the case." *Stein v Home-Owners Ins Co*, 303 Mich App 382, 389; 843 NW2d 780 (2013) (quotation marks and citation omitted). The Supreme Court's decision in *Sherbow* to reverse this Court was limited to the determination that an attorney-client relationship was not required under MRPC 1.5(e). Accordingly, because the Supreme Court did not reverse *Sherbow* in its entirety, the remaining portions of that opinion remain good law and are controlling. *Stein*, 303 Mich App at 389.

We pause to note here that even if *Sherbow* did not preclude the trial court from considering Poplichak's objection dispositive, and even if summary disposition were not premature as a result of discovery, the documentary evidence submitted by plaintiff in response to the motion for summary disposition raised a question of fact whether Poplichak testified accurately at the settlement hearing. Plaintiff submitted evidence in the form of e-mail and text message communications between plaintiff and defendants concerning plaintiff's referral in 2018. On June 27, 2018, plaintiff wrote to Herman that he wanted Herman to "call [Poplichak] for a med mal case," and related that she "was able to provide very detailed facts" about the case. Plaintiff received a response from someone in defendants' office that they would "call this client." Later the same day, plaintiff followed up with Herman with a text message, stating that he "just sent you a referral," to which Herman replied, "Thx."

On the basis of these communications, the trial court should have denied defendants' motion for summary disposition under MCR 2.116(C)(10). The communications between plaintiff and defendants raise a genuine issue of material fact whether Poplichak actually met plaintiff and consulted with him regarding the malpractice claim in 2018, which she stated she did not do during her hearing in 2022. Poplichak's testimony was sufficiently undermined by the documentary evidence presented by plaintiff as to raise a question whether she testified accurately during that hearing. The evidence submitted by plaintiff was sufficient to rebut Poplichak's testimony and create an issue of fact, which necessitated denying the motion under MCR 2.116(C)(10).

In sum, we are bound to follow *Sherbow*'s holding that "the clients must have objected at the time they were informed of the agreement in order for there to be a violation of MRPC 1.5(e)." *Sherbow*, 326 Mich App at 704-705. While Poplichak's objection at the settlement hearing was not completely irrelevant, it was not sufficient to render the purported referral fee agreement unenforceable under MRPC 1.5(e), and we reverse the trial court's order granting defendants' motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Michael J. Kelly